**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

JOHN D. MCCORMICK,             )
                                        )
                Petitioner,         )
                                          )
     v.                          )          No. 1:23-CV-168 NCC
                                          )
BILL STANGE,                  )
                                          )
                Respondent.    )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court for review of Petitioner John D. McCormick's response to the December 18, 2023 order directing him to show cause why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed. After reviewing and considering Petitioner's response, the Court concludes that the Petition is untimely, and Petitioner has failed to show cause why it should not be dismissed as such. The Court will therefore dismiss this action without further proceedings, and will not issue a certificate of appealability.

### Background

As explained in detail in the Court's December 18, 2023 Order (ECF No. 6), incorporated herein, Petitioner filed the Petition after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Following is a brief summary. In the Petition, Petitioner specifies that he challenges the April 27, 2018 judgment entered in *State v. McCormick,* No. 17JE-CR00233-01 (23rd Jud. Cir. 2017), which became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on May 7, 2018. Petitioner had one year from that date to file a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, but he did not do so until (at the earliest) September 17, 2023.

On October 20, 2021, after the expiration of the federal limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), Petitioner filed a motion for post-conviction relief in the Circuit Court of Jefferson County, Missouri.  *McCormick v. State,* No. 21JE-CC00722 (23rd Jud. Cir. 2021).[1] The motion was untimely under applicable Missouri.  On September 8, 2022, Petitioner filed a motion titled Motion for Court to Accept Pro Se Motion as Timely Filed, asking the state circuit court to excuse his untimely filing.  In support, Petitioner argued that because the transcript of his sentencing was unavailable, there was no way to confirm that the sentencing court had correctly advised him of his post-conviction rights, and the lack of the transcript would prejudice him.  The state circuit court denied the motion after a September 9, 2022 hearing.

In the December 18, 2023 Order, the Court noted the Petition appeared untimely, and directed Petitioner to show cause why it should not be dismissed.  The Court explained that the Petition was filed after the expiration of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).  The Court determined that Petitioner's October 20, 2021 post-conviction motion had no tolling effect because it was filed after the expiration of that limitations period, and because the State court had rejected it as untimely.  The Court also determined that nothing in the Petition suggested that any other subsection of § 2244(d)(1) could apply.  Finally, the Court explained that even if Petitioner specified that he challenged the July 9, 2021 judgment reinstating the execution of his 20-year sentence, the Petition would be untimely.  The Court directed Petitioner to show cause why the Petition should not be dismissed.

On January 22, 2024, Petitioner filed a response titled "Petitioner's Show Cause."  (ECF No. 7).  Therein, Petitioner writes:

---

[1] According to the "Case Header" tab on Missouri Case.net, the disposition of this case is now listed as "Not Disposed."  However, there has been no docket activity since the Circuit Court denied Petitioner's motion to accept his untimely filing on September 9, 2022, and there is no indication that any matters remain pending for adjudication.  It therefore appears that the case is in fact disposed.

> [illegible] is before the court upon review of Missouri [illegible] prisoner John D. McCormick's petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.
>
> Petitioner respectfully requests that this honorable court grant his request to file out-of-time due to the court misinformating [*sic*] Petitioner and the circumstances outlined in the six pages enclosed.

(ECF No. 7).  Petitioner avers nothing further.  The six-page enclosure Petitioner references consists of a copy of the September 8, 2022 Motion for Court to Accept Pro Se Motion as Timely Filed that Petitioner filed in his State post-conviction action, and two letters Petitioner received from his Missouri State public defender, dated February 14, 2022 and August 3, 2022.

The September 8, 2022 motion is described above.  In the February 14, 2022 letter, counsel advised Petitioner that: "there might be some basis for arguing that the [State motion for post-conviction relief] should be deemed timely based on the court's attempt to resentence you then vacate the revised sentence."  (ECF No. 7-1 at 5).  In the August 3, 2022 letter, counsel advised Petitioner that she had not received transcripts of Petitioner's April 27, 2018 sentencing hearing, or the July 9, 2021 proceeding at which the State court decided to reinstate Petitioner's sentence.  None of the materials Petitioner filed reference the timing of filing a federal petition for writ of habeas corpus, or any attempt to file such a petition.

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not argue that his Petition is timely.  Instead, Petitioner can be understood to ask this Court to apply the doctrine of equitable tolling to his untimely Petition, based on the circumstances described in the September 8, 2022 motion, and the two letters from his State public defender.

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling.  *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (explaining that equitable tolling may apply to an untimely 28 U.S.C. § 2254 petition "because the limitations period in § 2244(d)(1) is not a jurisdictional bar").  A petitioner seeking equitable tolling must show he was diligently pursuing his rights, and an extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010), *Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017).  Equitable tolling may also be appropriate when the State has lulled the petitioner into inaction.  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence."  *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018).

As to the second prong, the extraordinary circumstance must have been beyond the petitioner's control, and more than "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). The extraordinary circumstance must have made it impossible for the prisoner to file a federal habeas petition in time, *Kreutzer*, 231 F.3d at 463, and it must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the response before the Court, Petitioner makes no attempt to show that he was diligently pursuing his right to file a timely federal habeas petition before he instituted this action. Even if Petitioner had done so, he would be unable to demonstrate entitlement to equitable tolling because he does not identify an extraordinary circumstance that stood in his way and prevented him from timely filing a federal habeas petition. *See Holland*, 560 U.S. at 649 (a petitioner seeking equitable tolling must show he was diligently pursuing his rights, and an extraordinary circumstance stood in his way and prevented timely filing).

The attachments to Petitioner's response do address Petitioner's attempts to file a timely State post-conviction motion, and they indicate that Petitioner may believe the sentencing court failed to properly advise him about State post-conviction remedies. However, Petitioner does

not explain, nor is it apparent, how any of that affected his ability to file a timely federal habeas petition.  There is simply nothing in Petitioner's response or the attached documents that show Petitioner was diligently pursuing his right to file a timely federal habeas petition, but an extraordinary circumstance stood in his way and prevented him from doing so.  There is also nothing in Petitioner's response that suggests his failure to timely file a federal habeas petition is attributable to the State.  Having thoroughly reviewed and liberally construed Petitioner's response, the Court concludes that Petitioner has not met his burden of demonstrating grounds warranting equitable tolling.  *See id.*; *see also Kreutzer*,  231 F.3d at 463 (equitable tolling may also be appropriate when the State has lulled the petitioner into inaction).

The Court concludes that the instant Petition is untimely, and Petitioner has failed to show cause why it should not be dismissed as such.  Therefore, the Court will dismiss the Petition without further proceedings.  The Court has considered whether to issue a certificate of appealability.  When a federal court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a plain procedural bar is present, and Petitioner has failed to make an arguable claim for equitable tolling.  As a result, Petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner John D. McCormick's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.  A separate order of dismissal accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>26th</u>  day of January, 2024.